UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| REI A ,[1], | ) |
|     Plaintiff, | ) |
| v. | )    CIVIL NO. 3:21cv849 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

OPINION AND ORDER

    This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

    The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since January 31, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: bradycardia; obesity; degenerative joint disease/osteoarthritis of the knees; fibular fracture of the right lower extremity; pulmonary emboli (PE); and pulmonary nodule (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes or scaffolds but can occasionally climb stairs; and occasionally balance, stoop, crouch, crawl, and kneel. The claimant must avoid concentrated exposure to wetness; and no exposure to hazards, including slippery, wet or uneven surfaces, moving machinery, and unprotected heights. The claimant needs to alternate sitting or standing for up to 5 minutes each hour, but he will remain on task and at the workstation. The claimant may require a cane for ambulation.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on September 14, 1984 and was 34 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 31, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 23-31).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on April 11, 2022. On May 11, 2022 the defendant filed a

memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

Plaintiff attended a hearing by telephone on July 23, 2020 (Tr. 21, 37–60). Plaintiff appeared without a representative and was asked if he wished to postpone the hearing to obtain a representative or to proceed without one (Tr. 41–42). Plaintiff chose to proceed without a representative (Tr. 41–42). After the hearing, the ALJ submitted interrogatories to a vocational expert (VE) who answered the ALJ's questions, including a hypothetical question regarding jobs available for an individual with Plaintiff's age, education, work experience, and residual functional capacity (Tr. 237–46). The VE's response was that such an individual would be able to

perform the occupations of order clerk (DOT No. 209.567-014), with an estimated 19,000 jobs in the United States; charge account clerk (DOT No. 367-014), with an estimated 34,000 jobs in the United States; and document preparer (DOT No. 249.587-018), with an estimated 92,000 jobs in the United States (Tr. 240). The VE's response was proffered to Plaintiff along with a letter informing Plaintiff that he could, among other things, submit written comments or questions or request a supplemental hearing (Tr. 249–50). Plaintiff did not reply (Tr. 21). The ALJ relied on the evidence from the VE at step five in finding that jobs exist in significant numbers in the national economy that Plaintiff can perform (Tr. 30–31).

     In support of remand, Plaintiff argues that the ALJ failed to adequately develop the record by not further questioning the VE. Plaintiff contends that because the VE did not respond to one question in the interrogatory, "all other interrogatory answers are defective" (Pl. Br. at 19). Specifically, Question 5 in the interrogatory asked the VE if there was sufficient evidence to allow the expert to form an opinion of Plaintiff's vocational status (Tr. 238). The VE did not indicate either "Yes" or "No" in response (Tr. 238). Rather, the VE left this response blank and proceeded to answer the remaining questions regarding her opinions of Plaintiff's vocational status (Tr. 238–46). The Commissioner contends that these responses show that the VE believed there was sufficient evidence to form opinions regarding Plaintiff's vocational status, otherwise she would not have responded. This is clearly true, as the instructions on the form specifically stated that if the answer was no, that there was NOT sufficient evidence to allow the VE to form an opinion, then the VE was to omit the remaining questions. As the VE did not omit the remaining questions but, rather, proceeded to answer them, then it is clear that the VE intended to check YES on the form for Question 5, but the question was simply overlooked. This Court agrees with the Commissioner that Plaintiff's attempt to discredit the response in its entirety merely because the VE did not check a

5

box is without merit.

Additionally, Plaintiff does not dispute that he received the ALJ's letter advising him of his right to request a supplemental hearing. Yet Plaintiff suggests that the ALJ somehow fell short of what she was required to do. However, developing post-hearing evidence and proffering such evidence to the claimant is explicitly provided for in the agency's internal guidance, including the letter offering a time period to respond with objections or comments or to request a supplemental hearing. *See, e.g.*, Hearings, Appeals and Litigation Law manual (HALLEX) I-2-7-30 ("Proffer Procedures"). Clearly, the ALJ acted pursuant to agency guidance, yet Plaintiff chose not to respond to the proffered evidence.

Plaintiff argues that because he was unrepresented, the ALJ had a special duty to ask the VE to explain how she arrived at the number of jobs in order to establish that this methodology was empirically based, logical, and reliable. It is well-settled, however, that an ALJ may rely on a VE's testimony as to the number of jobs compatible with a claimant's functional limitations. *See, e.g., Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (stating that where the vocational expert identifies a significant number of jobs compatible with all of a claimant's functional limitations, "[u]nder the Act and the Secretary's regulations, that fact requires a finding of no disability"). Absent a challenge by Plaintiff, the ALJ was not required to ask the VE to explain her testimony as to the numbers of jobs she identified. *Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018); *see also Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the [vocational expert's] foundation or reasoning, an ALJ is entitled to accept the [vocational expert's] conclusion...."); *Coyier v. Saul*, 860 F. App'x 426, 427–28 (7th Cir. 2021) (quoting *Liskowitz v. Astrue*, 559 F.3d 736, 745–46) (7th Cir. 2009) and *citing Surprise v. Saul*, 968 F3.d 658, 662 (7th Cir. 2020)) (stating that under the substantial evidence standard the ALJ was entitled to accept an

6

expert's testimony that was uncontradicted and otherwise proper).

A claimant is free to question the VE's testimony. *See, e.g., McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004) (stating that the vocational expert's reasoning must be explained "if the claimant challenges the foundation of the vocational expert's opinions"). The ALJ provided Plaintiff that opportunity, but he declined to exercise it. Plaintiff's unrepresented status did not require the ALJ to question the VE further. Plaintiff's informed decision to proceed unrepresented and his decision to forego any further questions or request a supplemental hearing in response to the proffer of evidence did not change the ALJ's duties in this regard. An ALJ "does not act as counsel" for an unrepresented claimant. *Thompson v. Sullivan*, 933 F.2d 581, 585-86 (7th Cir. 1991).

Here, the VE provided information as to the number of jobs compatible with Plaintiff's functional limitations and vocational profile (Tr. 235). The ALJ relied on that evidence and it is substantial evidence supporting the ALJ's decision. The evidence does not become unreliable merely because Plaintiff did not take the opportunity to ask further questions. Since it is well-settled that a VE's testimony as to job numbers constitutes substantial evidence*, see, e.g., Kelley*, 890 F.2d at 965, and since Plaintiff did not avail himself of the opportunity to ask further questions, *see, e.g., Chavez*, 895 F.3d at 970, the ALJ was free to rely on the VE's testimony without further inquiry.

Plaintiff does not raise any factual issue with the evidence from the VE that would raise doubt as to its reliability or establish prejudice to the Plaintiff. This distinguishes this case from *Rennaker v. Saul*, 820 F. App'x 474 (7th Cir. 2020), a non-precedential case in which the Seventh Circuit remanded based, in part, on the VE's testimony in that case that the court found "sparse." A reviewing court "generally upholds the reasoned judgment of the Commissioner on how much

7

evidence to gather, even when the claimant lacks representation." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citations omitted). There must be a significant, prejudicial omission by the ALJ to support a finding that he did not assist the unrepresented claimant in developing the record fully and fairly. *Id*. "To prove prejudice, the claimant must point to specific, relevant facts that the ALJ did not consider." *Jozefyk v. Berryhill*, 923 F.3d 492, 497 (7th Cir. 2019) (citation omitted). "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Nelms*, 553 F.3d at 1098.

      Here, Plaintiff has failed to establish that absence of additional questions to the VE was a significant, prejudicial omission. Plaintiff does not offer any evidence that the VE's testimony was wrong, but only mere conjecture and speculation about what additional evidence might have been obtained. Nor is it certain that, if Plaintiff had been represented, his representative would have requested a supplemental hearing or questioned the VE as he now suggests was so crucial. Instead, Plaintiff's argument for an award of benefits or remand presumes in hindsight that the VE's sources and methodology were invalid and that her responses were unreliable. However, as discussed above, it is well-settled that an ALJ may rely on a VE's testimony and is not required to ask the VE to explain her response as to the numbers of jobs identified unless Plaintiff challenges the numbers provided. *Chavez*, 895 F.3d at 970; *Coyier*, 860 F. App'x at 428. Thus, there is no basis for remand and the decision will be affirmed.

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: August 31, 2022.

                                                   s/ William C.  Lee  
                                                   William C. Lee, Judge  
                                                 United States District Court